## King v. Palguta

*John M. Lewis*, for plaintiff.
*Thomas G. Saylor, Jr.*, for defendant Palguta.
*Orville L. Hardman*, for defendant Brooks.
*John J. Dirienzo, Jr.*, for defendant Carver.
*Thomas J. Cook*, for defendant Zepp.

COFFROTH, *P.J.*, November 9, 1981—This assumpsit action is at issue on complaint and answers and is now before the court on the motion of defendant Brooks for judgment on the pleadings, in which all other defendants have joined.[1]

The basic issue here is whether defendants are makers or indorsers of the promissory note in suit. Since the note was in fact paid to the payee by plaintiff, an admitted maker, who now seeks contribution in this action from defendants as co-makers, the question whether defendants are co-makers or endorsers is crucial. A maker "engages that he will pay the instrument according to its tenor at the time of his engagement. . . ." Uniform Commercial Code, hereinafter called Code, §3-413(1), 12A P.S. §3-413(1). Co-makers are presumptively jointly and severally liable to the creditor for such payment and are equally liable to each other for contribution unless there is an accommodation relationship. See: Code §§3-118(e) and 3-415(5); Philadelphia Bond and Mortgage Company v. Highland, 235 Pa. Super. 252, 340 A.2d 476 (1975); Horner Estate, 29 Somerset L.J. 343, 253 (1974); CJS, Bills and Notes §37; PLE, Negotiable Instruments §§43-44 and 109. On the other hand, "unless the endorsement otherwise specifies (as by such words as 'without

---

1. The motion is for summary judgment, but since no material outside the pleadings has been submitted it is really a motion for judgment on the pleadings and we so treat it. See Civil Rules 1034 and 1035.

recourse') every indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his endorsement. . ." Code §3-414(1). In essence, a maker's liability is primary, whereas an endorser's liability is secondary or contingent upon dishonor by the maker. CJS, Bills and Notes §39f; PLE, Negotiable Instruments §105. So, an indorser is discharged by payment of the instrument by the maker. CJS, Bills and Notes §449b.[2]

In this case, the face of the note is as follows:

$50,000.00                    March 5, 1975

On September 30, 1975 after date I promise to pay to the order of Restaurant Management Corporation of America Fifty Thousand and 00/100 Dollars payable at 1850 North Fort Myer Drive, Arlington, Virginia, 22209. Value received, loan at prime rate of interest plus 2 — maximum 10%.

Due 9/30/75                    s/Samuel F. King

Samuel F. King

On the back of the note appear the four signatures of defendants without any contractual language or explanation.

Under the foregoing circumstances, the status of defendants as parties to the instrument is not clearly stated and in that sense is ambiguous. While ordinarily such an ambiguity in a written instrument would open the door to explanation by extrinsic evidence, the Code resolves this sort of ambiguity as a matter of law and closes the door to extrinsic evidence by declaring defendants to be

2. Since the making and issuance of the note in suit in 1975, the Code has been re-enacted in revised form and is now (since 1979) Title 13 of Pennsylvania Consolidated Statutes.

indorsers, by virtue of the provisions of Code §3-402 which are as follows:

"§3-402. Signature in Ambiguous Capacity

"Unless the instrument clearly indicates that a signature is made in some other capacity it is an endorsement."

The official Comment to the quoted section further explains as follows:

"Purposes of Changes: The revised language is intended to say that any ambiguity as to the capacity in which a signature is made must be resolved by a rule of law that it is an endorsement. Parol evidence is not admissible to show any other capacity, except for the purpose of reformation of the instrument as it may be permitted under the rules of the particular jurisdiction. The question is to be determined from the face of the instrument alone, and unless the instrument itself makes it clear that he has signed in some other capacity the signer must be treated as an indorser.

"The indication that the signature is made in another capacity must be clear without reference to anything but the instrument. It may be found in the language used. Thus if John Doe signs after I, John Doe, promise to pay, he is clearly a maker; and John Doe, witness, is not liable at all. The capacity may be found in any clearly evidenced purpose of the signature, as where a drawee signing in an unusual place on the paper has no visible reason to sign at all unless he is an acceptor. It may be found in usage or custom. Thus by long established practice judicially noticed or otherwise established a signature in the lower right hand corner of an instrument indicates an intent to sign as the maker of a note or the drawer of a draft. Any similar clear indication of an intent to sign in some other capacity may be enough to remove the signature from the application of this

section."[2a] Compare: CJS, Bills and Notes §207; Coleman v. Heiple (No. 3), 30 Somerset L.J. 259 (1975).[3]

For the foregoing reasons, the motion for judgment on the pleadings must be granted in favor of defendants.

## ORDER

Now, November 9th, 1981, the motion for judgment on the pleadings is granted in favor of defendants and judgment is here entered for defendants, costs on plaintiff.

---

2a. It is at least arguable that there is no ambiguity respecting defendants' signatures, that by usage and custom and long standing practice a signature on the back of an instrument without explanation is a clear indication of an intent to indorse, and that such a signature is therefore an indorsement as a matter of law. Indorsing (or endorsing) means, literally, writing on the back of 42 CJS, Indorse page 1367.

3. Under older terminology, defendants are anomalous or irregular indorsers, that is, they indorse the instrument for some purpose other than for transfer. CJS, Bills and Notes, §37. Under the Code, there is no such classification of indorsers. Id §39a(1).